IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-10249
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM MICHAEL RHODES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-119-ALL
USDC No. 3:07-CR-209-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Michael Rhodes appeals the statutory maximum twenty-year sentences he received for three counts of bank robbery. His criminal history included two burglary of a habitation offenses that occurred on different dates. However, because he was arrested for both offenses on the same day, the Guidelines treated them as a single offense. As a result, Rhodes did not qualify

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a career offender under U.S.S.G. § 4B1.1, despite his extensive criminal record.

In explaining the basis for the sentences, the district court first calculated the applicable guidelines range and lamented "the glitch" that prevented Rhodes from qualifying as a career offender. The court then applied the 18 U.S.C. § 3553(a) factors to determine that a non-guidelines sentence was more appropriate than a guidelines sentence under the circumstances of the case. The judge explained to Rhodes that, "[i]n my judgment in this case the guideline range does not provide sufficient punishment. I believe that it understates what is appropriate . . ., and I intend to sentence you under the statute to a more significant sentence than the guideline range."

Rhodes asserts that the district court committed reversible procedural error by miscalculating the career offender guidelines range. He asserts that the court's sole basis for imposing the statutory maximum was its belief that he should be treated as a career offender and that, therefore, the only justifiable variance from the applicable guidelines range would have been a sentence within the properly-calculated career offender range.

In reviewing the sentence imposed, we must first determine whether the district court committed any significant procedural error. United States v. Gall, 128 S. Ct. 586, 597 (2007). The district court commits a procedural error if it miscalculates or fails to calculate the proper guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain its chosen sentence or any deviation from the guidelines range. Id. at 597.

As Rhodes concedes, the district court began its sentencing determination by properly calculating the applicable guidelines range. We find no indication in the record that the court also calculated (or miscalculated) the guidelines range that would have applied if Rhodes qualified as career offender. It simply expressed its belief that he should qualify as a career offender because of his

extensive criminal history. The court did not impose the statutory maximum solely because it believed Rhodes should be treated as a career offender under the Guidelines. The court's opinion that Rhodes should qualify as a career offender was the first reason it provided for imposing a sentence above the guidelines range. The court then analyzed each of the § 3553(a) factors and determined a non-guidelines, statutory maximum sentence was necessary to meet the sentencing goals of the statute. Accordingly, we reject Rhodes's argument that the district court committed a reversible procedural error.

AFFIRMED.